Totten, J.,
delivered the opinion of the court.
The action is covenant; there was judgment in the circuit court for plaintiffs, and the defendant, Steele, appealed in error.
The action is founded on the following instrument, to wit: “ Articles of agreement between Ga-lenus M. Steele on the one part, and Sanford M. McElroy, David S. Hobbs, A. B. David, committee for Union Chapter No. 18, and Wm. S. Southworth, S. S.’ Gray, Needham Koonee, committee for Jackson Lodge No. 68, witnesseth: That the said G. M. Steele agrees and binds himself to build a lodge room for said chapter and Lodge in Fayetteville, Tenn., over a new brick house to be erected by W. H. Morris, on the spot of ground where his present store house now stands; said room is to constitute the third story and highest part of said building; (the covenant then describes the building, and then proceeds,) “ the room to be ready for delivery to said chapter and Lodge by the 1st day of January, 1852.”
“The before named committee, on behalf of said chapter and Lodge obligate themselves to pay to said *343 Galenus M. Steele on the first day of February, 1851, six hundred dollars, and at the completion and delivery of said rooms to them for the use of said chapter and lodge, in accordance with this agreement, six hundred dollars more, in full compensation for the same. The 'parties mutually bind themselves to each other in the penal sum of $2,400, for the faithful performance of the contract,” &c.
In witness whereof, the parties hereunto set their names and affix their seals this 30th November, 1851.
Signed, G. M. Steele, [l. s.]
Union Chaptee No. 18, [l. s.]
By S. M. McElroy, )
D. S. ITobbs, >• Committee.
A. R. David, )
Jaoksoh Lodge No. 68, [l. s.]
By W. S. Soutiiworth, 1
L. S. Gray, V Committee.
Needham Koohce, )
The $600 were paid to defendant Steele in February, according to contract. The building was not completed and ready for delivery on the 1st of January, 1852, the time stipulated, but was completed some time after-wards, when the chapter and lodge refused to receive it. In the meantime this suit was instituted March 16th, 1852, in the name of the several persons comprising said committee, to recover their damage's, sustained by reason of the defendant’s breach of covenant. The defendant relied on an alleged agreement for an extension of time, but it was not proved to the satisfaction of the jury.
The verdict was six hundred dollars, the money which had been advanced to the defendant.
*344 1. It is insisted that the plaintiffs have no legal title to sue on the covenant, because it was made by them as agents for the chapter and lodge, their principals, in whom the legal right to the contract was vested, and who alone can maintain an action for the breach of it. The legal position is no doubt true, if the construction of the instrument insisted upon be true. It is a general rule that where the instrument purports on its face to be intended to be the deed of the principal, and the mode of execution of it by the agent, however irregular and informal, if not repugnant to that purport, it will be construed to be the deed of the principal, especially where the irn testimonium clause is, that the principal has thereto affixed his seal. Story on Agency, § 153.
As to the manner of executing a sealed instrument so as to bind the principal and not the agent, no particular form is necessary. The material thing is, that it appear on the face of the instrument that it is the principal who makes the grant or incurs the obligation, which induces the contract to be made by the other party. Wells vs. Back, 2 East R., 142. Hopkins vs. Meheffey, 11 Serg. & R., 129.
Thus in Denning vs. Bullet, 1 Blackford, 241, a bond which sets forth on its face that A. B., as agent for O. D., binds the said 0. D. to make a title, &c., and is executed, A B. (seal) agent for 0. D., is held to be the deed of the principal, because it appears in the face of the bond that the princij)al was to make the title. So in Hunter vs. Miller, 6 B. Monroe, 620, an instrument was described in the caption as “ Articles of agreement, &c., between E. M. of the one part, *345 and W. S. H., agent for J. J. and M. H., and was sealed ~W. S. II. (seal) for J. J. and M. EL, but in tbe body of tbe instrument, stated tbat tbe principals were to convey,” &c., it was beld to be tbe deed of the principals. 1 Amer. Lead. Cas., 430. In each of these cases, tbe execution was informal, it appearing to be tbe seal of tbe agent and not of tbe principal, but on tbe face of tbe instrument tbe principal is expressly bound to make title and not tbe agent; but in Hopkins vs. Meheffey, supra, it is said tbat “tbe agent of an individual or corporation, covenanting under bis seal, for tbe act of bis principal, altbougb be describe himself as contracting for and on behalf of bis principal, is liable on bis express covenant, whether be bad tbe authority of tbe person whom be thus professes to bind or not.” Vid. Tippet vs. Walker, 4 Mass. R., 395. Story on Agency, § 269, 273, 275.
How, in tbe present case, tbe agreement is between tbe persons composing tbe two committees, of tbe one part, and tbe defendant, Steele, of tbe other part. Tbe defendant agrees to build a lodge room of a given description, and tbe said committees, on behalf of said chapter and lodge, obligate themselves to pay tbe consideration money on completion and delivery of said lodge room to them for tbe use of said chapter anc? lodge. Tbe agreement is not between tbe chapter and lodge of tbe one part, and tbe defendant of tbe other. Tbe chapter and lodge do not obligate themselves to pay tbe consideration, but tbe said committees obligate themselves to pay, and there can be no doubt that they and not tbe chapter and lodge, were liable on tbe covenant to pay tbe consideration. Tbe defendant could *346 Rave no action on tlie covenant against the chapter and lodge, beeanss it contains no agreement binding upon them; and so it must follow that they can maintain no action thereon against the defendant, for the covenant must create a mutual obligation.
It is true that the covenant is executed in the name of the chapter and lodge by the committee; but there is nothing on the face of the instrument purporting to bind them as principals to perform any part of the agreement, but on the contrary, it purports to bind the committees.
The words that the committees were acting “ for and on behalf of said chapter and lodge,” are merely descriptive of the persons on whose account the committees had entered into the contract and obligation contained in the instrument. Story on Agency, § 273. Certainly the mere mode of execution of the instrument could not bind the principals to any covenant contained in it, which does not purport to be their covenant, but is in terms the covenant of the committees. If a person covenant in his own name he is personally bound, though he state it to be in a representative character, as executor, guardian, trustee, committee, agent, or otherwise. 1 Amer. Lead. Cases, 433, and cases there cited.
¥e may further observe that it does not appear from the record whether the chapter and lodge were voluntary or incorporated associations; if the former, the covenant would be void as to them; if the latter, then a power under their corporate seal was necessary to authorize the committees to execute a deed or covenant in their name; and a deed made and executed *347 in tlie name of a corporation, in virtue of a power under the corporate seal, would he binding on the corporation, the agent using his own seal, which, under the power, becomes the corporate seal for that purpose. But no such power appears in the record; if none existed, the contract was not well executed, and the corporation could only be liable in assumpsit, as upon a simple contract; and if the covenant was not obligatory on the corporation, it will not he contended that it was binding on the other party. We are of opinion that the persons composing the committees are parties to the covenant, and legally entitled to sue thereon.
2. As to the damages, the charge of his Honor the Circuit Judge, is not very distinct. It is in substance, that if the jury find for the plaintiffs, they will be entitled to “some damages,” the sum to be assessed by the jury, and entitled to recover the money advanced upon the contract.
How, the defendant having failed to construct the building by the time stipulated, and the plaintiffs having notified him that they would not accept performance after that time, and sued for a breach of the covenant, they were entitled to recover such damages as they had sustained by reason of defendant’s failure to perform his part of the covenant; and if that were the value of the building, the true balance would be adjusted by considering the price to be given and the amount paid.
The verdict is for the amount paid, and we do not see from any thing in the case, how it could be more or less.
Judgment affirmed.